IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| INFOGROUP INC., Delaware corporation;<br><br>Plaintiff,<br><br>vs.<br><br>OFFICE DEPOT, INC., a Delaware corporation;<br><br>Defendant. | **8:20CV109**<br><br>**MEMORANDUM AND ORDER** |

This matter is before the court on Defendant Office Depot, Inc.'s (Office Depot) Motion to Strike Plaintiff Infogroup Inc.'s (Infogroup) request for a jury trial. (Filing No. 57). For the reasons set forth below, Defendant's Motion to Strike is denied without prejudice to reassertion at a later stage in this case.

## BACKGROUND

Plaintiff and Defendant entered into a Master Client Services Agreement (MCSA) in 2009. (Filing No. 19). Plaintiff and Defendant have negotiated various agreements since 2009 and renegotiated the MCSA in 2017 for a term of three years. The facts of this case are set forth in greater detail in Filing No. 39.

The relevant portions of the MCSA for the purposes of the pending motion are as follows:

> 16. Dispute Resolution
>
> Each party commits that in the event a dispute should arise under this Agreement or relating in any matter thereto, the parties agree to attempt to mediate their dispute prior to the commencement of formal

litigation (i.e., the filing of a lawsuit or other legal proceeding), using a third party mediator. . . . If such mediation is unsuccessful, then either party shall have the right to initiate litigation in accordance with Section 17 below.

17. Choice of Law & Forum:

This Agreement shall be construed and governed in accordance with the laws of the State of Florida, without regard to conflict of laws principles. **IN THE EVENT OF LITIGATION PROCEEDINGS AND TO THE EXTENT PERMITTED BY LAW, EACH OF THE PARTIES HEREBY KNOWINGLY AND WILLINGLY WAIVES AND SURRENDERS SUCH PARTY'S RIGHT TO TRIAL BY JURY AND AGREES THAT SUCH LITIGATION SHALL BE TRIED TO A JUDGE SITTING ALONE AS THE TRIER OF BOTH FACT AND LAW, IN A BENCH TRIAL, WITHOUT A JURY.**

(Filing No. 19 at CM/ECF p. 5-6) (emphasis in original).

This action was filed on March 24, 2020, alleging a claim for copyright misappropriation. (Filing No. 1). The parties' Rule 26(f) Report filed on February 12, 2021 noted the parties' disagreement as to whether a trial by jury was available in this case, and the parties agreed to a deadline for a party to file a motion to strike the demand for jury trial. Defendant filed its motion to strike by the deadline set in the final progression order. (Filing No. 56).

## ANALYSIS

The right to a jury trial is guaranteed in certain civil cases under the Seventh Amendment of the United States Constitution. Fed. R. Civ. P. 38(a) provides "[t]he right of a trial by jury as declared by the Seventh Amendment . . . shall be preserved to the parties inviolate." "Although the jury-trial right can be waived, the right is fundamental," and courts must "indulge every reasonable presumption against its waiver." Bank of Am., N.A. v. JB Hanna, LLC, 766 F.3d 841, 849 (8th Cir. 2014) (quotation marks and citation omitted). Nevertheless, an express waiver

of the right to a jury trial may occur by contract. See Northwest Airlines, Inc. v. Air Line Pilots Ass'n, 373 F.2d at 142; Cooperative Fin. Ass'n, Inc. v. Garst, 871 F.Supp. 1168, 1171 (N.D. Iowa 1995). Only a knowing and voluntary waiver will be deemed valid. See Coop. Fin. Ass'n, 871 F.Supp. at 1171 (citing Brookhart v. Janis, 384 U.S. 1, 4-5 (1966)).

In this case, the parties disagree as to the scope of the waiver found in the MCSA. Defendant argues that Plaintiff expressly, knowingly, and voluntarily waived its right to a jury trial through the execution of the MCSA. Defendant asserts there are no limitations on this waiver, and Plaintiff waived its right to a jury trial and agreed that litigation "shall be tried to a judge sitting alone as the trier of both facts and law." Filing No. 58 at CM/ECF p. 1, citing Filing No. 19). Defendant asserts Plaintiff initiated this action "and explicitly requested a jury trial notwithstanding its clear waiver and surrender of the right to so claim, and the MCSA's unambiguous language to the contrary." (Filing No. 58 at CM/ECF p. 3) Thus, Defendant argues the jury demand is meritless and must be stricken.

Plaintiff does not dispute Defendant's argument that the MCSA was executed expressly, knowingly, and voluntarily. Rather, it argues that the jury waiver in the MCSA is inapplicable because this case arises out of a copyright dispute, and it is not a claim for breach of contract. (See Filing No. 61). Plaintiff argues that Defendant has already attempted, unsuccessfully, to obtain dismissal of Plaintiff's copyright claim and enforce a mediation clause in the MCSA. Plaintiff contends that the plain language of the MCSA shows the waiver was only effective as to claims arising under the MCSA, and if there is any doubt as to the extent of the waiver, the court must consider the presumption against waiver.

Section 16 "Dispute Resolution" and Section 17 "Choice of Law & Forum" are designed to be read together. (See Filing No. 19 at CM/ECF p. 5-6). Generally,

Section 16 provides that the parties will engage in mediation and if such mediation is unsuccessful then either party has the right to initiate litigation in accordance with Section 17.

Judge Bataillon, the presiding judge, declined to enforce Section 16 of the MCSA, finding that "at this stage of the litigation, this is not a contract dispute, but a copyright infringement action."[1] (Filing No. 39 at CM/ECF p. 18). In a footnote in his Memorandum and Order on the Defendant's motion to dismiss, Judge Bataillon stated "Whether the [MCSA]'s forum selection clause is applicable or determinative is a matter that can be addressed if and when the defendant asserts the license is an affirmative defense."  (Filing No. 39 at CM/ECF p. 20, fn 8). Defendant Office Depot has now asserted their license as an affirmative defense, but Judge Bataillon has not been asked to decide on the applicability of the MCSA to this action.

While it appears clear that the parties agreed to waive a jury trial in cases arising out of the MCSA, it is less clear that the MCSA governs this action, or that Plaintiff intended to waive a jury trial in all cases involving Defendant. Thus, we must apply the presumption against waiver at this time. The motion to strike Plaintiff's jury demand will be denied, without prejudice to reassertion if or when Judge Bataillon determines the MCSA is applicable to this action.

IT IS ORDERED:

1) Defendant's Motion to Strike Plaintiff's Jury Demand is denied without prejudice to reassertion. (Filing No. 57).

---

[1] Additionally, Judge Bataillon agreed with Infogroup that the dispute resolution clause does not require mediation of a suit for injunctive relief. (Filing No. 39 at CM/ECF p. 18).

2)        Any motion to strike the jury demand shall be filed along with, or in response to, any motion which asks Judge Bataillon to decide the applicability of the MCSA to this action, and in any event, must be filed on or before the deadline for filing motions for summary judgment.

Dated this 24th day of March, 2021.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge