UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 23-CV-80358-AMC/BER

INFOGROUP INC.,

                Plaintiff,

vs.

OFFICE DEPOT INC.,

                Defendant.
_____/

**REPORT AND RECOMMENDATION ON DEFENDANT'S
MOTION FOR ATTORNEYS' FEES AND EXPENSES [ECF No. 227]**

Plaintiff filed this lawsuit for copyright misappropriation under 17 U.S.C. §501 in the District of Nebraska, alleging Defendant Office Depot's unauthorized use of Plaintiff's Business Database. ECF No. 1. After the case was transferred to this Court, Office Depot's motion to dismiss was granted and the case was closed. ECF No. 222. Office Depot now seeks to recover its attorneys' fees and costs. ECF No. 227. Office Depot's motion was referred to me by the Hon. Aileen M. Cannon for a report and recommendation. ECF No. 228.[1] I have reviewed the motion, Plaintiff's opposition to Office Depot's entitlement to any fees (ECF No. 234), and Office Depot's

---

[1] In a prior ruling, I granted Plaintiff's motion to bifurcate the issue of Office Depot's entitlement to fees and costs from a ruling on the reasonableness of the amounts sought. ECF Nos. 230, 232.

reply (ECF No. 235).  For the reasons set forth below, I RECOMMEND that Office Depot's motion regarding its entitlement to attorneys' fees be GRANTED.

## PROCEDURAL HISTORY

Plaintiff initially filed this case in the District of Nebraska as a one-count Complaint alleging copyright misappropriation, believing that Office Depot had incorporated Plaintiff's Business Database into a mapping software program developed by Office Depot.  ECF Nos. 1, 135 at ¶ 7 (Plaintiff believed "that Office Depot had imbedded an unauthorized copy of [Plaintiff's] licensed database in a product created by Office Depot.").  Because Plaintiff believed that this conduct constituted a copyright violation, which did not implicate the Licensing Agreement it had with Office Depot, Plaintiff's Complaint did not include a claim for breach of contract.  ECF No. 135 at ¶ 6.

Following a lengthy and contentious discovery process, Plaintiff determined that it was necessary to amend its Complaint to add a breach of contract claim.  *Id.* at ¶ 8.  The Nebraska court granted Plaintiff leave to amend, and Plaintiff filed its Amended Complaint.  ECF No. 163, 167.  Attached to the Amended Complaint was the parties' Licensing Agreement, which permitted Office Depot to use Plaintiff's copyrighted database ("the Licensed Data") for "direct marketing and internal research and analytics."  ECF No. 169 at 2; ECF No. 167 at ¶ 14.  In the Amended Complaint, Plaintiff alleged that Office Depot infringed upon its copyrights by using the Licensed Data to allow its Real Estate Department to conduct real estate research

and analytics—research that Plaintiff claimed exceeded the scope of the Licensing Agreement. ECF No. 167 at ¶ 43.

Office Depot filed a motion to dismiss the Amended Complaint while the case was still pending in the District of Nebraska. ECF No. 180.[2] Once the case was transferred to this Court, Judge Cannon granted Office Depot leave to refile the motion in this Court. ECF Nos. 208, 209.

In her decision granting dismissal of the Amended Complaint, Judge Cannon rejected Plaintiff's "attempts to restrict the broad language in the Licensing Agreement;" she agreed with Office Depot's reading of the Licensing Agreement, which "comport[ed] with the ordinary meaning of the language in the Agreement, [and] does not restrict Defendant's use of the Licensed Data as Plaintiff suggests." ECF No. 222 at 7-8. Judge Cannon found that Section E of the Licensing Agreement

> grants Defendant "a limited, non-exclusive . . . license to use the Licensed Data for its own direct marketing and internal research and analytics . . . Contrary to Plaintiff's suggestion . . . this language contains no limit on which subsidiary division/department within Office Depot may use the license, and indeed the parties to the Agreement are Office Depot, Inc. and Infogroup, Inc.—not particular departments . . . Nor does Section E restrict the term "direct marketing and internal research and analytics" to "direct marketing only" . . . Plaintiff essentially asks the Court to discard portions of the license language to arrive at a narrower license for direct marketing purposes only. The Court deems that position contrary to the plain language of Section E and declines to adopt it . . .

---

[2] The case was pending in Nebraska for three years before being transferred to this Court.

ECF No. 222 at 8-9. Judge Cannon dismissed Count I's copyright misappropriation claim and declined to exercise supplemental jurisdiction over Count II's breach of contract claim.

In the instant motion, Office Depot contends that it is entitled to attorneys' fees and costs under the Copyright Act because Plaintiff's lawsuit was frivolous and objectively unreasonable. ECF No. 227 at 7-17. In the alternative, Office Depot seeks attorneys' fees and costs pursuant to the parties' Licensing Agreement. ECF No. 227 at 14, n. 2. Office Depot seeks recovery of over $2 million in attorneys' fees and over $40,000 in costs and expenses. ECF No. 227 at 7.

## **DISCUSSION**

Generally speaking, in American litigation each party in a lawsuit bears its own attorney's fees. *See Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 602 (2001) (citing *Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 247 (1975)). However, there are statutory exceptions, such as the Copyright Act, which authorizes an award of attorney's fees and costs.

The Copyright Act provides that:

> In any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party . . . the court may also award a reasonable attorney's fee to the prevailing party as part of the costs.

17 U.S.C. § 505.

In copyright infringement cases, "[c]ourts should not simply award attorney's fees to the prevailing party as a matter of course." *Luken v. Int'l Yacht Council, Ltd.*,

4

581 F. Supp. 2d 1226, 1239 (S.D. Fla. 2008) (citing *Fogerty v. Fantasy*, Inc., 510 U.S. 517, 534 (1994)). "[T]he Supreme Court has enumerated four non-exclusive factors that apply to Section 505 analysis: (1) frivolousness; (2) motivation (3) objective unreasonableness (both in factual and legal components of the case); and (4) the need in particular circumstances to advance considerations of compensation and deterrence." *Oravec v. Sunny Isles Luxury Ventures L.C.*, No. 04-22780-CIV, 2010 WL 1302914, at *3 (S.D. Fla. Mar. 31, 2010) (citing *Fogerty*, 510 U.S. at 534).

Another exception to the American Rule allows for the prevailing party to recover attorney's fees and costs if the parties contractually agreed to such a provision. Here, the parties' Licensing Agreement provides that:

> In the event of any litigation between the parties with respect to the Agreement, the prevailing party (the party entitled to recover costs of suit, at such time as all appeal rights have expired or the time for taking such appeals has expired) shall be entitled to recover reasonable attorneys' fees, including fees incurred at the appellate level, in addition to such other relief as a court of competent jurisdiction may award.

ECF No. 168 at 5.

### 1. *Fees under the Copyright Act*

Office Depot contends that it is entitled to attorneys' fees and costs under the Copyright Act because documents produced during discovery "made clear that even [Plaintiff's] own employees knew that Office Depot had the right to use the database for 'internal research and analytics' and that its activity was within this licensed use." ECF No. 227 at 7, 8-9. One document Office Depot relies upon in support of its argument is attached to its motion as Exhibit D. ECF No. 227-5. Exhibit D is an email thread between Plaintiff's Director of Sales Operations and other executives

5

during April and May of 2019, after Office Depot decided not to renew the Licensing Agreement. The emails seek guidance from Plaintiff's Director of Sales as to how Office Depot should purge Plaintiff's data from a mapping program Office Depot purportedly created to identify businesses located near its stores. *Id.* The email exchange concludes with Plaintiff's Director of Sales advising that "there is no language in the agreement that authorizes Office Depot to use the Licensed Data to develop products and/or services that incorporate the Licensed Data into a product. Therefore . . . [Office Depot's] mapping product . . . may create a violation of the authorized use provisions." *Id.* at 3.

These emails do not support Office Depot's argument that Plaintiff's lawsuit was frivolous or objectively unreasonable. On the contrary, they reveal the basis for Plaintiff's good faith belief that Office Depot had engaged in the unauthorized use of its data.

Similarly, Office Depot's reliance upon a few emails sent by one of Plaintiff's sales executives to Office Depot employees in 2018 is equally misplaced. The emails were sent in an effort to expand Plaintiff's business with Office Depot and they describe how Office Depot's "Market Research team has found [Plaintiff's] data essential in site and market selection." ECF No. 157-2 at 5-10. These emails do not demonstrate that Plaintiff brought its lawsuit in bad faith. If anything, they support Plaintiff's belief that its data was being used by Office Depot's Marketing Division, and that the license did not extend to Office Depot's Real Estate Division.[3]

---

[3] The reasonableness of Plaintiff's position is further supported by the fact that on

6

I reject Office Depot's argument that Plaintiff's failure to address the existence of the Licensing Agreement in its initial Complaint demonstrated either a lack of knowledge of the Licensing Agreement (i.e., frivolousness for failure to conduct a pre-suit investigation) or an attempt to deceive the Court into believing that there was no license (i.e., improper motivation). ECF No. 235 at 8. Instead, I credit Plaintiff's representation that it did not believe the Licensing Agreement was relevant based on the facts it had when it initiated the lawsuit. ECF No. 135 at ¶¶ 6, 7; ECF No. 234 at 3, 5.

Office Depot attempts to support its motion with a quote from a July 2020 declaration by Plaintiff's Chief Operating Officer, but Office Depot's argument is misleading. According to Office Depot, Plaintiff "admitted" in the declaration that the Licensing Agreement gave Office Depot "license to use the Licensed Data for its own direct marketing and internal research and analytics." ECF No. 227 at 9. But, read in its entirety, the declaration explains Plaintiff's position that the license was limited and intended "for internal research and analytics *for the purposes of direct marketing only.*" *See* Declaration of Amit Khanna at ¶ 18 (ECF No. 33) (emphasis added).

Finally, in assessing an award of fees under the Copyright Act, I must determine whether Plaintiff's interpretation of the scope of the Licensing Agreement

---

December 19, 2017, Office Depot's Real Estate Division requested a quote from Plaintiff to license the Business Database for real estate research and analytics. *See* Khanna Decl. ¶ 10 (ECF No. 134-1).

7

was objectively unreasonable. It was not. Reasonable minds can, and often do, differ as to the meaning of the words in a contract. Here, I find Plaintiff's interpretation of the Licensing Agreement to be erroneous, but plausible. And, although Plaintiff did not ultimately prevail, there is nothing in Judge Cannon's decision to suggest that Plaintiff's view of the agreement was frivolous or objectively unreasonable.[4] *See Underwriters at Int. Under Bailee Ins. Pol'y No. 09RTAMIA1158 v. SeaTruck, Inc.*, 858 F. Supp. 2d 1334, 1342 (S.D. Fla. 2012) (although defendant's interpretation of contract was erroneous, it was not "objectively unreasonable," so court declined to award fees and costs); *Bonar v. Barnett Bank of Jacksonville, N.A.*, 488 F. Supp. 365, 370 (M.D. Fla. 1980) (where resolution of the case "turned primarily upon questions of law upon which reasonable minds could differ," court declined to award attorneys' fees). For these reasons, I find that Office Depot is not entitled to recover its fees and costs under the Copyright Act.[5]

2. <u>Fees under the Licensing Agreement</u>

Under Florida law, which governs the interpretation of the Licensing Agreement (ECF No. 168 at 5), attorneys' fees may be awarded to the prevailing party pursuant to a contractual agreement authorizing their recovery. *Price v. Tyler*, 890 So.2d 246, 250 (Fla. 2004). "The Court does not have discretion to decline to enforce

---

[4] It is also worth noting that the federal court in Nebraska clearly did not find Plaintiff's original Complaint to be frivolous since it denied Office Depot's initial motion to dismiss. ECF No. 39.

[5] I have also considered "the need for compensation and deterrence" in cases brought under the Copyright Act (*Fogerty*, 510 U.S. at 534), but I find there are no "particular circumstances" in this case that would warrant an award of fees based on these factors.

a contractual provision awarding attorneys' fees -- such provisions are mandatory." *Rodriguez v. BA Eola, LLC*, No. 608CV790ORL35GJK, 2012 WL 13070643, at *3 (M.D. Fla. Feb. 13, 2012) (citing *Lashkajani v. Lashkajani*, 911 So. 2d 1154, 1158 (Fla. 2005)).  Florida courts apply the definition of "prevailing party" applied by the United States Supreme Court: a party is a "prevailing party" if that party succeeds on "any significant issue" in the litigation which "achieves some of the benefit the parties sought." *Rodriguez,* 2012 WL 13070643, at *3 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)).

Here, the Licensing Agreement does not limit recovery of attorneys' fees to breach of contract claims.  Rather, it extends to "any litigation between the parties with respect to the Agreement."  ECF No. 168 at 5.  Even though Judge Cannon declined to exercise supplemental jurisdiction over Plaintiff's breach of contract claim, her interpretation of the parties' Licensing Agreement was central to her decision.  Therefore, this litigation was "with respect to the Agreement" and the attorneys' fee provision of the Licensing Agreement is properly invoked.  Given that Judge Cannon granted Office Depot's motion to dismiss, it is the prevailing party and thus, it is entitled to recover its attorneys' fees.[6]  *See Rodriguez,* 2012 WL 13070643, at *3-4 (awarding fees to defendant who prevailed on federal claim pursuant to broad provision in parties' contract even though court declined to rule on breach of contract

---

[6] Contrary to Office Depot's motion (ECF No. 227 at 14, n.2, 25), the attorneys' fee provision in the Licensing Agreement does not include any language regarding the recovery of costs.

9

claim). *See also Herbst v. North Ocean Condos, L.P.*, 2009 WL 2257827 at * 1–4 (S.D. Fla. Jul. 29, 2009).[7]

## RECOMMENDATION

Accordingly, I **RECOMMEND** that Defendant's Motion for Entitlement to Attorneys' Fees (ECF No. 227) be **GRANTED** and that Plaintiff be permitted to file response papers regarding the amount of fees sought by Office Depot.

## NOTICE OF RIGHT TO OBJECT

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Aileen M. Cannon, United States District Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation. Failure to timely file objections shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016).

**If counsel do not intend to file objections, they shall file a notice advising the District Court within FIVE DAYS of this Report and Recommendation.**

---

[7] Plaintiff suggests that attorneys' fees under the Licensing Agreement cannot be awarded until there is a "final order" deciding the merits of Plaintiff's breach of contract claim (ECF No. 234 at 20), but there in nothing in the attorneys' fee provision to justify that interpretation and Plaintiff does not cite any case law in support of its argument.

**DONE and SUBMITTED** in Chambers at West Palm Beach, Palm Beach County, in the Southern District of Florida, this 3rd day of November 2023.

_____
BRUCE E. REINHART
UNITED STATES MAGISTRATE JUDGE