UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 23-80358-CIV-CANNON/Reinhart

**INFOGROUP INC.**,

    Plaintiff,
v.

**OFFICE DEPOT, INC.**,

    Defendant.
_____/

### ORDER ACCEPTING MAGISTRATE JUDGE'S
### REPORT AND RECOMMENDATION [ECF No. 236]

**THIS CAUSE** comes before the Court upon Defendant's Motion for Attorney Fees and Expenses [ECF No. 227]. The Court referred the Motion to Magistrate Judge Bruce E. Reinhart for a report and recommendation [ECF No. 228]. On November 3, 2023, Judge Reinhart issued the instant Report, recommending that Defendant's Motion be granted in part and denied in part (the "Report") [ECF No. 236]. Plaintiff and Defendant both filed objections [ECF Nos. 237, 240] and responses thereto [ECF Nos. 241, 242]. The Court has reviewed the Report [ECF No. 236], the parties' objections [ECF No. 238, 240], the parties' responses [ECF Nos. 241, 242], and the full record. For the reasons set forth below, the Report [ECF No. 236] is **ACCEPTED**, and Defendant's Motion [ECF No. 227] is **GRANTED IN PART AND DENIED IN PART**.

**RELEVANT BACKGROUND**

This commercial dispute came to this Court following a lengthy procedural history in the District of Nebraska starting in March 2020—leading ultimately to a transfer to this Court in March 2023 and an Order, entered in June 2023, Granting Defendant's Motion to Dismiss Plaintiff's Amended Complaint [ECF No. 222].

Plaintiff Infogroup, Inc. brought two claims in its now-dismissed Amended Complaint against Defendant, Office Depot, Inc.: (1) Copyright Misappropriation, in violation of 17 U.S.C. § 501 ("Count I") [ECF No. 167 ¶¶ 54–74], and (2) Breach of Contract under Florida law ("Count II") [ECF No. 167 ¶¶ 75–82]. Plaintiff attached to the Amended Complaint (1) three copyright registrations [ECF Nos. 167-1, 167-2, 167-3], and (2) a Master Client Services Agreement and Statement of Services between Office Depot, Inc. and Infogroup, Inc. (the "Licensing Agreement") [ECF Nos. 168–169]. In relevant part, the parties' Licensing Agreement, specifically the "Licenses" provision [ECF No. 169 p. 2], permits Defendant to use the Plaintiff's copyright database for "direct marketing and internal research and analytics" [ECF No. 169 p. 2]. Plaintiff also alleged that Defendant's actions infringed upon its copyright but also breached the parties' contract; thus, Plaintiff brought a separate breach of contract claim against Defendant, alleging that Defendant used the Licensed Data in a manner not permitted by the parties' agreement [ECF No. 167 ¶¶ 78–82].

In granting Defendant's Motion to Dismiss Plaintiff's Amended Complaint [ECF No. 209], the Court held that Count I (the federal copyright claim) failed under the plain language of the parties' Licensing Agreement, because the terms of that agreement permitted Defendant's challenged use of the licensed data [ECF No. 222 p. 7]. The Court did not address Defendant's other arguments for dismissal and did not exercise supplemental jurisdiction over the state breach of contract claim [ECF No. 222 p. 10]. The Court also specified that its Order of Dismissal was entered without prejudice to Plaintiff's assertion of any state law theories in state court [ECF No. 222 p. 9 n.4].

After the Court's dismissal order, Defendant proceeded to file the instant Motion for Attorney Fees and Costs (the "Motion") [ECF No. 227]. Plaintiff then moved to bifurcate the issue

of attorney's fees [ECF No. 230], which Magistrate Judge Reinhart granted [ECF No. 232]. Thereafter, Plaintiff responded to Defendant's Motion, disputing only the issue of fee entitlement [ECF No. 234; *see* ECF No. 235]. Following referral [ECF No. 228], Judge Reinhart issued the instant Report [ECF No. 236], which is ripe for adjudication [ECF Nos. 238, 240–242].

## LEGAL STANDARD

To challenge the findings and recommendations of a magistrate judge, a party must file specific written objections identifying the portions of the proposed findings and recommendation to which objection is made. *See* Fed. R. Civ. P. 72(b)(3); *Heath v. Jones*, 863 F.2d 815, 822 (11th Cir. 1989); *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006). A district court reviews de novo those portions of the report to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1). To the extent a party fails to object to parts of the magistrate judge's report, the Court may accept the recommendation so long as there is no clear error on the face of the record. *Macort*, 208 F. App'x at 784. Legal conclusions are reviewed de novo, even in the absence of an objection. *See LeCroy v. McNeil*, 397 F. App'x 554, 556 (11th Cir. 2010); *Cooper-Houston v. S. Ry. Co.*, 37 F.3d 603, 604 (11th Cir. 1994).

## DISCUSSION

Generally, each party in a lawsuit bears its own attorney fees. *See Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 602 (2001). There are statutory and contractual exceptions to this general rule, however. In this case, Defendant seeks attorney's fees and costs under the Copyright Act [ECF No. 227 pp. 14–17] and, alternatively, under the Licensing Agreement [ECF No. 227 p. 14 n.2]. The Report recommends the Court grant Defendant's Motion and award fees solely on the basis of the Licensing Agreement [ECF No. 236

3

pp. 8–11]. The Report further recommends the Court deny Defendant's Motion for Costs and Expenses, because the terms of the Licensing Agreement do not allow for such recovery [ECF No. 236 p. 9 n.6]. Lastly, the Report recommends that Plaintiff be given the opportunity to respond to the amount of fees in dispute [ECF No. 236 p. 10; *see* ECF No. 230; ECF No. 232].

Defendant objects to the Report's determination that it is not entitled to fees and costs under the Copyright Act [ECF No. 240]. Plaintiff, for its part, agrees with the Report that fees and costs are not warranted under the Copyright Act, but Plaintiff separately maintains an objection to the Report's decision to recommend an award of fees under the Licensing Agreement [ECF No. 237]. Because the Report grants Defendant's request for fees under the Licensing Agreement, the Court first addresses Defendant's remaining objection that it is entitled to attorney's fees under the Copyright Act. The Court then evaluates Plaintiff's objection that Defendant is not entitled to fees under the Licensing agreement. Ultimately, the Court agrees with the conclusions in the Report and therefore finds that Defendant is entitled to fees under the Licensing Agreement, not under the Copyright Act.

## I.     Attorney's Fees and Costs Under the Copyright Act

Under the Copyright Act, "[p]revailing plaintiffs and prevailing defendants are to be treated alike, but attorney's fees are to be awarded to prevailing parties *only as a matter of the court's discretion*." *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 (1994) (emphasis added). The Supreme Court in *Fogerty* cited "with approval" a list of "several nonexclusive factors" that courts should consider in making awards for attorney fees under the Copyright Act. *Id.* Those factors include: (1) "frivolousness," (2) "motivation," (3) "objective unreasonableness (both in the factual and in the legal components of the case)," and (4) "the need in particular circumstances to advance

4

considerations of compensation and deterrence." *MiTek Holdings, Inc. v. Arce Eng'g Co.*, 198 F.3d 840, 842 (11th Cir. 1999) (citing *Fogerty*, 510 U.S. at 534 n.19)

> A. **Presumption of Fee Awards Under the Copyright Act**

Citing to non-binding authorities, Defendant's first objection to the Report is that the Report erred in not applying a presumption in favor of attorney's fees to the prevailing party, in this case, Defendant [ECF No. 240 p. 1 (citing *Korman v. Iglesias*, No. 18-21028-CIV, 2018 WL 6978693, at *5 (S.D. Fla. Dec. 6, 2018)); p. 6 (citing *Lil' Joe Wein Music, Inc. v. Jackson*, No. 06-20079-CIV, 2008 WL 2688117, at *6–7 (S.D. Fla. July 1, 2008); *see* ECF No. 227 pp. 6–7]. The Report does not apply a presumption, electing instead to apply the *Fogerty* factors systematically and evenhandedly, without a default position [ECF No. 236 pp. 5–8].

Upon review of the relevant authorities, the Court agrees with the approach taken in the Report and with its application of the *Fogerty* factors. First, there is no Eleventh Circuit authority suggesting or requiring application of Defendant's requested presumption. To the contrary, the Eleventh Circuit in *Sherry Mfg. Co. v. Towel King of Fla., Inc.*, 822 F.2d 1031, 1034 (11th Cir. 1987)—cited favorably in *Fogerty*, 510 U.S. at 521 n.8—did not call in any express terms for a presumption, reaffirming instead the need for discretion. *Sherry Mfg. Co.*, 822 F.2d at 1034 (noting that "the only precondition to the award of attorney's fees is that the party be a prevailing one," and adding that "the fact that a losing party has acted in good faith or that his legal position had arguable merit will justify an exercise of the district court's discretion in deciding not to award attorney's fees"). Second, the Supreme Court's decision in *Fogerty* calls for faithful application of the four factors in the exercise of the court's discretion, without endorsing or insinuating the existence of a presumption or other "precise rule or formula." 510 U.S. at 534 ("There is no precise rule or formula for making these determinations, but instead equitable discretion should be

exercised in light of the considerations we have identified.") (internal quotation marks omitted); *id.* at 533 (rejecting "[t]he automatic awarding of attorney's fees to the prevailing party," because doing so would "pretermit the exercise of that discretion"). In any event, even if the Court were in a position to inject a presumption into the *Fogerty* factors, the Court still sees no error in the Report's ultimate decision not to award fees in this case, presumption or no presumption, for all of the reasons stated in the Report and reaffirmed below [ECF No. 236].

   **B.     The *Fogerty* Factors**

Defendant next argues that the *Fogerty* factors support the award of fees and costs under the Copyright Act, contrary to the Report's determination [ECF No. 240 p. 1]. The Report extensively analyzes each factor and determines that Plaintiff's lawsuit was not frivolous, objectively unreasonable, or improperly motivated [ECF No. 236 pp. 5–8]. The Report also finds that there are no "particular circumstances" in the case that would warrant an award based on the need for compensation or deterrence [ECF No. 236 p. 8 n.5]. The Court ultimately agrees with the conclusions in the Report and its *Fogerty* analysis. Defendant's objections are addressed below.

   **i.     Frivolous and Unreasonable Factor**

As to the first and third *Fogerty* factors, Defendant argues that this Court's previous Order granting Defendant's Motion to Dismiss indicates that Plaintiff's suit was both frivolous and unreasonable [ECF No. 240 p. 2]. The Court disagrees. Although the Court evaluated the plain language of the Licensing Agreement and concluded, for purposes of the copyright claim, that Defendant's use of the data did not violate the plain language of that agreement [ECF No. 222 pp. 7– 8], nothing in that Order characterized Plaintiff's suit as frivolous or unreasonable. Nor

does the record support that characterization. The Report was correct to find that the first and third *Fogerty* factors weigh in favor of Plaintiff [ECF No. 236 p. 8].

### ii. Compensation and Deterrence Factor

Defendant also criticizes the Report for not sufficiently mentioning the compensation and deterrence factor outlined in *Fogerty* [ECF No. 240 pp. 6–8]. Defendant is incorrect [ECF No. 240 p. 6]. The Report explicitly "considered the need for compensation and deterrence in cases brought under the Copyright Act" but simply concluded that there were "no particular circumstances" in this case "warrant[ing] an award of attorney fees based on these factors" [ECF No. 236 p. 8]. At any rate, the substance of Defendant's argument on the last *Fogerty* factor amounts to a restatement of Defendant's nonbinding (and unpersuasive) view that a presumption exists in favor of attorney's fees in copyright cases [ECF No. 240 pp. 6–8]. *Supra* Part I-A. District courts have "wide latitude" to use their discretion and to consider the totality of all factors when deciding whether to award fees and/or costs under the Copyright Act. *Kirtsaeng v. John Wiley & Sons Inc.*, 579 U.S. 197, 203 (2016). The Report did so here in recommending denial of Defendant's request for fees and costs under the Copyright Act [ECF No. 236].[1]

For these reasons, the Court accepts the Report over Defendant's objections [ECF No. 236]. Defendant's requested attorney fees and costs under the Copyright Act are not warranted here [ECF No. 236].

---

[1] On the second *Fogerty* factor—improper motivation—Defendant again objects, stating that the record shows improper motivation as evidenced by internal communications within Infogroup [ECF No. 240 pp. 4–6]. The Report explicitly addressed these internal communications in detail and found that they did not support Defendant's objection [ECF No. 236 p. 6]. Defendant's objection does not reveal error in the Report on this basis.

## II.     Attorney's Fees and Costs Under the Licensing Agreement

Defendant also seeks attorney's fees and costs under the Licensing Agreement [ECF No. 227 p. 14 n. 2], which the Report recommends granting in part [ECF No. 236 pp. 8–11]. Plaintiff objects to the Report's conclusion [ECF No. 237]; Defendant does not [ECF No. 240 p. 1]. For the reasons that follow, the Court accepts the Report on this issue. Defendant is entitled to attorney's fees under the Licensing Agreement but not costs.

Though generally speaking, parties bear their own attorney fees, *see Buckhannon Bd. & Care Home, Inc.*, 532 U.S. at 602, an exception exists when the parties contractually agree otherwise. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 444 (1987); *Yellow Pages Photos, Inc. v. Ziplocal, LP*, 846 F.3d 1159, 1166 (11th Cir. 2017) ("[U]nder Florida law, provisions in ordinary contracts awarding attorney's fees and costs to the prevailing party are generally enforced." (internal quotations omitted) (quoting *Lashkajani v. Lashkajani*, 911 So.2d 1154, 1158 (Fla. 2005) (citing *Price v. Tyler*, 890 So.2d 246, 250 (Fla. 2004)))). "Trial courts do not have the discretion to decline to enforce such provisions[.]" *Lashkajani*, 911 So.2d at 1158.

The Fee Provision of the Licensing Agreement provides as follows:

> In the event of *any litigation* between the parties with respect to the agreement, the prevailing party (the party entitled to recover costs of suit, at such time as all appeal rights have expired or the time for taking such appeals has expired) shall be entitled to recover reasonable attorney's fees, including fees incurred at the appellate level, in addition to such other relief as court of competent jurisdiction may award.

[ECF No. 168 p. 5 (emphasis added)].

The Report agrees that Defendant is entitled to fees—but not costs—under the Licensing Agreement because Defendant is the prevailing party in this matter [ECF No. 235 pp. 8–10]. Specifically, the Report determines that the phrase "any litigation" in the Licensing Agreement means that the fee provision applies to the copyright claim in this matter, which was inextricably

intertwined with the contract itself [ECF No. 236 p. 9].  As to costs, the Report notes that the Licensing Agreement does not "include any language regarding the recovery of costs" [ECF No. 236 p. 9 n.6].

### A. The Court has Jurisdiction to Award Fees

Plaintiff first objects that the Court no longer has jurisdiction over the claims arising under the Licensing Agreement [ECF No. 237 pp. 1, 9–10].  In Plaintiff's view, the Court's decision on fees "should be restricted to federal questions under the Copyright Act," because the Court dismissed Plaintiff's state law breach of contract claim and declined to exercise supplemental jurisdiction over it [ECF No. 237 pp. 1, 9–10].  Plaintiff further argues that a fee award at this time is premature because its state-law claim is not final [ECF No. 237 pp. 1, 9–10].

The Report properly determines that a fee award is appropriate.  As the Report explains, the terms of the Licensing Agreement clearly provide for an award of attorney's fees to the prevailing party "[i]n the event of any litigation between the parties with respect to the Agreement" [ECF No. 236 p. 9 (referencing ECF No. 168 p. 5)].  The litigation here plainly was "with respect to," or related to, the Licensing Agreement.  And the Court's plain-language reading of that agreement was central to adjudication of Plaintiff's copyright claim [ECF No. 236 p. 9].  Although the Court did not exercise supplemental jurisdiction over Plaintiff's state law claim and entered its order without prejudice to any state-law theory, there can be no mistaking that the Court's determination of Plaintiff's copyright claim hinged on the terms of the Licensing Agreement [ECF No. 222 pp. 6–9].  It was therefore proper for the Report to recommend an award of fees to Defendant as the prevailing party on a claim that is final.[2]  *See Yellow Pages Photos, Inc. v. Ziplocal, LP*, 846 F.3d at 1163–64 (holding that a contract provision could be a basis to justify a

---

[2] Plaintiff cites no pending litigation on any state law claim [ECF No. 242 pp. 5–6].

fee award for a copyright claim where the language of the contract was broad and where the copyright claim was intertwined with the contract claim).

    **B.    Defendant is the Prevailing Party**

Plaintiff further objects that the Report erred in determining that Defendant was the "prevailing party" in this matter [ECF No. 237 pp. 2, 10–13]. Plaintiff argues that Defendant is not the prevailing party because Plaintiff's state law claims are undiminished and because the Licensing Agreement specifically states that fees can be awarded when appeal rights have expired [ECF No. 237 pp. 10–12]. The Court sees no error in the Report's treatment of Defendant as the prevailing party [ECF No. 236 p. 9]. Under Florida law (which adopts the definition used by the Supreme Court), a prevailing party is one that succeeds on "any significant issue" in the litigation and "achieves some of the benefits the parties sought." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). Here, the Court's adjudication of Plaintiff's copyright claim following Defendant's Motion to Dismiss was a significant issue in the litigation, and the Court's order on that issue was dispositive [ECF No. 222]. Though litigation theoretically may continue in state court on state-specific claims, that does not discount the finality of the litigation of the copyright claim in this Court. As such, the Report correctly concludes that Defendant is the prevailing party in this matter [ECF No. 236 p. 9].

    **C.    The Licensing Agreement Covers the Copyright Claim**

Next, Plaintiff objects that the Licensing Agreement between the parties did not include Plaintiff's copyright claim [ECF No. 237 p. 2]. The Court disagrees for the reasons previously stated above; the plain terms of the Licensing Agreement cover litigation relating to the Licensing Agreement, and the copyright litigation here clearly related to that Licensing Agreement. Plaintiff further argues that "all appeal rights" should refer to all appeals in *all* cases relating to the contract

between the parties [ECF No. 237].  Even if that reading is theoretically possible, Plaintiff points to no pending case or appeal that even arguably would counsel in favor of postponing resolution of Defendant's clear entitlement to fees on its copyright claim.  Regardless, the litigation here was certainly "with respect to the Agreement," and that litigation is final—even if Plaintiff theoretically would initiate a new action [ECF No. 236 pp. 8–10].

### D. Equity Does Not Counsel Against Enforcement of the Settlement Agreement

Plaintiff's final objection is that it is "entitled to a proceeding to determine whether Defendant is barred from recovering fees under the Agreement based on its pre-suit breach of the Audit Provision that directly led to the filing of this action and Defendant's subsequent, court-recognized obstruction of [Plaintiff's] discovery efforts" [ECF No. 237 p. 2].  Plaintiff contends that fees are barred by Defendant's material breaches of the contract and equitable estoppel [ECF No. 237 pp. 14–18].  Plaintiff states that it would be "inequitable for this Court to enforce the Fee Provision" [ECF No. 237 p. 16].  The Court disagrees.  Plaintiff cites no authority supporting its argument that fee entitlement under a contract should be determined based on fairness or that the contract between the parties allows for the fee provision to be lifted in "inequitable" circumstances.  Plaintiff's conclusory objection does not alter the Court's conclusion.

## CONCLUSION

For the reasons stated in this Order, it is **ORDERED AND ADJUDGED** as follows:

1. The Report and Recommendation [ECF No. 236] is **ACCEPTED**.

2. Defendant's Motion for Attorney Fees and Costs [ECF No. 227] is **GRANTED IN PART AND DENIED IN PART**.

CASE NO. 23-80358-CIV-CANNON/Reinhart

    a. Defendant's Motion for **Attorney Fees** is **GRANTED**. Defendant is entitled to fees under the Licensing Agreement only.

    b. Defendant's Motion for **Costs/Expenses** is **DENIED**.

3. **On or before April 25, 2024**, Plaintiff shall file response papers regarding the amount of fees sought by Defendant. Failure to file such response papers by the specified deadline will be construed as a non-objection to Defendant's proposed fee award.

**DONE AND ORDERED** in Chambers at Fort Pierce, Florida, this 21st day of March 2024.

                                                AILEEN M. CANNON
                                                **UNITED STATES DISTRICT JUDGE**

cc:    counsel of record