IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

| | |
|---|---|
| INFOGROUP INC., a Delaware corporation, | Case No. 9:23-cv-80358-AMC |
| Plaintiff, | |
| vs. | |
| OFFICE DEPOT, INC., a Delaware corporation, | |
| Defendant. | |

**PLAINTIFF INFOGROUP INC.'S NOTICE OF NON-OBJECTION TO THE REPORT AND RECOMMENDATIONS [ECF NO. 252] REGARDING THE AMOUNT OF ATTORNEY FEES TO BE AWARDED TO DEFENDANT OFFICE DEPOT, INC. AND THE DENIAL OF AN AWARD OF COSTS AND EXPENSES, AND RENEWAL OF OBJECTIONS TO THE REPORT AND RECOMMENDATIONS ]ECF NO. 236] AND ORDER [ECF NO. 243] DETERMINING THAT DEFENDANT OFFICE DEPOT, INC.'s IS ENTITLED TO AN AWARD OF FEES, COSTS AND EXPENSES**

Plaintiff, Infogroup Inc. n/k/a Data Axle, Inc. ("Infogroup") provides the Court notice that it does not object to the *amount* of attorneys' fees and to the *denial* of an award of costs and expenses that are recommended in the Report and Recommendation on Defendant, Office Depot, Inc.'s ("Office Depot") Motion for Attorneys' Fees and Expenses (the "Amount Report"). (ECF No. 252).

However, in an abundance of caution, and to ensure there is no waiver of any of Infogroup's rights or remedies, Infogroup respectfully renews its objections to the Report and Recommendation (ECF No. 236) and the Order (ECF No. 243) recommending and ordering that Office Depot is *entitled* to an award of attorneys' fees, costs and expenses. Those written objections were timely filed and briefed at (ECF No. 237) and (ECF No 241), which objections and related appeal rights are intended to be preserved. In this regard, Infogroup shows the Court

1

as follows:

1.	After the Court dismissed Infogroup's Copyright claim and declined to exercise jurisdiction over Infogroup's breach of contract claim, Office Depot filed a Motion to Attorneys' Fees and Expenses. (EFC. No. 227).

2.	Infogroup moved the Court to bifurcate Office Depot's Motion for Attorneys' Fees and Expenses (ECF. No. 230), to first determine if Office Depot is *entitled* to an award of fees, costs and expenses and thereafter, if necessary, to determine the *amount* of any award of fees, costs and expenses.

3.	The Court granted Infogroup's Motion, bifurcating the issues of whether (1) Office Depot was *entitled* to attorneys' fees and expenses and (2) the *amount* of attorneys' fees, costs and expenses that Office Depot was entitled to receive, if any. (EFC No. 232).

4.	Thereafter, Infogroup opposed Office Depot's claim that it was *entitled* to attorneys' fees and expenses in this lawsuit as further set forth in Infogroup's Opposition to Office Depot's Motion for Attorneys Fees' and Expenses as to Entitlement Only. (ECF No. 234).

5.	The Magistrate Judge issued a report recommending that the Court find that Office Depot was *entitled* to attorneys' fees, costs and expenses (the "Entitlement Report"). (ECF No. 236).

6.	Infogroup objected to the Entitlement Report, asserting, among other things, (1) the Court no longer had jurisdiction over claims under the Agreement and only a state court is a "court of competent jurisdiction" able to award fees per the Agreement; (2) even if jurisdiction existed, Office Depot was not a "prevailing party"; (3) even if jurisdiction existed, litigation of a copyright claim was not litigation "with respect to the Agreement," and Office Depot was not entitled to fees under the Copyright Act; and (4) even if the Court determined it had jurisdiction and that Office

Depot was the prevailing party, Infogroup was entitled to a proceeding to determine whether Office Depot was barred from recovering fees under the Agreement based on its pre-suit breach of the Audit Provision that directly led to the filing of this action and Office Depot's subsequent, court-recognized obstruction of Infogroup's discovery efforts to determine Office Depot's actual uses of the Licensed Data. (ECF No. 237).

7.  This Court overruled Infogroup's objections and accepted the Entitlement Report (the "Entitlement Order"). (ECF No. 243)

8.  Infogroup intends to appeal, among other things, the dismissal of the copyright claim and the breach of contract claim, as well as the Entitlement Order, and therefore, to the extent necessary, renews its timely filed objections to the Entitlement Report to preserve those objections for appeal. Infogroup does not object to the *amount* of fees and the *denial* of costs and expenses recommended in the Amount Report, but again, expressly reserves its filed objections to the Entitlement Report, as well as all rights and remedies, for purposes of appeal, on which the Amount Report is based.

9.  Infogroup needed extra time to analyze the issues relating to the Amount Report, and just today concluded that analysis and made these decisions, and thus is now able to advise the Court of its position on these complicated matters.

WHEREFORE, Plaintiff, Infogroup, respectfully gives notice that it does not object to the *amount* of fees and the *denial* of costs and expenses recommended in the Amount Report, but again declares that it has not, and is not, waiving any rights or remedies, including any and all objections to the Entitlement Report, reserves its filed objections to the Entitlement Report for purposes of appeal, on which the Amount Report is based as stated above, and respectfully renews and resubmits its objections set forth in its Opposition to the Entitlement Report to preserve those

and other objections for appeal (ECF No. 237).

Dated: September 4, 2024.　　　　　　　　　INFOGROUP INC., Plaintiff,

By: */s/ Anthony M. Lawhon, Esq.*
　　Anthony M. Lawhon, Esq.
　　Florida Bar Number 965390
　　LAWHON GOGGIN, LLP.
　　3003 Tamiami Trail N., Suite 200
　　Naples, FL 34103
　　(239) 325-8956
　　(239) 236-3300 (fax)
　　TonyLawhon@lawhon-law.com
And
　　Gregory C. Scaglione (*pro hac vice)*
　　KOLEY JESSEN P.C., L.L.O.
　　One Pacific Place, Suite 800
　　1125 South 103rd Street
　　Omaha, NE 68124-1079
　　(402) 390-9500;
　　(402) 390-9005 (facsimile)
　　greg.scaglione@koleyjessen.com

*Attorneys for Plaintiff Infogroup Inc.*

## CERTIFICATE OF SERVICE

On this 4th day of September 2024, a true and correct copy of the foregoing was filed with the Clerk of the Court via CM/ECF, which served copies by electronic mail as follows:

Mark R. Cheskin
HOGAN LOVELLS US LLP
600 Brickell Avenue, Suite 2700
Miami, FL 33131
mark.cheskin@hoganlovells.com

Damon M. Lewis, Esq.
Anna Kurian Shaw, Esq.
Lauren B. Cury, Esq.
HOGAN LOVELLS US LLP
555 Thirteenth Street NW
Washington, DC 20004
damon.lewis@hoganlovells.com
anna.shaw@hoganlovells.com
lauren.cury@hoganlovells.com

*/s/ Anthony M. Lawhon, Esq.*